In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of the GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of the Trust Created for the Benefit of OLGA JARECKIE under the Last Will and Testament of ALBERT FRANK, Deceased.

Surrogate's Court, New York County, February 16, 1925.

Wills — construction — trustee under will authorized to retain State, municipal or railroad bonds but such authority is merely directory — authority to sell granted if loss to estate may be avoided — reinvestment authorized in securities similar to those mentioned in trust provision.

The provisions of a will directing the executor to collect all railroad and industrial securities other than State, municipal or railroad bonds and to have and hold so many State, municipal or railroad bonds as amount to a certain sum and to collect and receive the income and interest until the payment of the principal and to invest and keep invested the proceeds in safe interest-paying securities similar to those left by the testator, and directing that the proceeds of the accounts with bankers and brokers and of the sale of securities other than State, municipal or railroad bonds be invested in safe interest-paying securities similar to those left by the testator, confer authority on the trustee to retain the State, municipal or railroad bonds, but said authority is merely directory and the trustee is authorized to hold said bonds only so long as such retention is consonant with sound and safe discretion.

The trustee is not only empowered but obliged to sell said bonds if, by so doing, a loss to the estate may be avoided, and a further order of the court will not be necessary for such a sale.

In making reinvestments, the trustee may invest in legal investments or, as authorized by the will, in safe interest-paying securities similar to the State, municipal or railroad bonds owned by the testator at the time of his death.

PROCEEDING for an accounting involving construction of will.

*Alexander & Ash* [*Mark Ash* of counsel], for the trustee.

*Samuel W. Tannenbaum*, for the life tenant and remaindermen.

MATTER OF FRANK. **665**

Misc. 664] · Surrogate's Court, New York County, February, 1925.

O'BRIEN, S.:

This is an accounting proceeding by the Guaranty Trust Company, as trustee, of a trust created for the benefit of the testator's daughter, Olga Jareckie, in which a question of the proper construction of the will of the testator as to investments of the principal of the trust fund is raised. The two paragraphs of the will involved in this question are the 3d and 8th.

The 3d paragraph reads in part as follows:

" I give and bequeath to the Guaranty Trust Company of New York so many state, municipal or railroad bonds or other securities as may be found among my assets as amount at their par value to the sum of one hundred thousand dollars ($100,000) to have and to hold in trust, to collect and receive the income and interest thereon until the payment of the principal, to invest and keep invested the proceeds in safe interest paying securities, similar to those I leave behind me, and after deducting the charges of said trustee, to pay over said interest and income semi-annually to my daughter, Olga, wife of William Jareckie, during the term of her natural life. * * * "

Upon the death of the daughter the trustee is directed to divide the principal into as many portions as the daughter Olga should leave children her surviving, and to pay over one of said portions to each of the children who has reached majority and to pay the income on a share belonging to a child who has not attained the age of twenty-one years annually for the support, maintenance and education of such child until he or she reaches the age of twenty-one years, at which time his or her share is to be paid over to him.

The 8th paragraph of the will reads as follows:

" I nominate and appoint the said Guaranty Trust Company of New York to be the executor of this will and I direct said executor to collect all my outstanding accounts with bankers or brokers as well as all railroad and industrial securities other than state, municipal or railroad bonds which I may leave behind me, as speedily as possible after my decease, and invest and keep invested, the proceeds in safe interest paying securities, similar to the state, municipal or railroad bonds which I shall leave behind me. In order that the principal of the bequests hereinbefore made may be determined as soon as conveniently may be, and the said income and interest derived therefrom for the benefit of my daughter as before mentioned."

The trustee has asked the court to determine whether it is required or authorized to hold the *State, municipal or railroad bonds* or other securities which constituted the principal of the estate at the time of the decease of the testator and were received by the trustee as part of

this trust fund, or is the trustee empowered in its discretion to sell at any time any of the securities or property constituting a part of the trust fund.   The trustee states that its position is neutral, but in the briefs submitted by said trustee it is argued that paragraphs 3 and 8 of the will require the trustee to hold the State, municipal and railroad bonds as part of the capital of this $100,000 trust fund. The remaindermen vigorously contend, on the other hand, that while the trustee is authorized by the terms of the will to retain these State, municipal and railroad bonds, it is not required *absolutely* to keep them until their maturity.

These points in connection with the above provisions are to be noted especially:   (1) He directs the executor to collect all *outstanding accounts with bankers and brokers, as well as all railroad and industrial securities, other than State, municipal or railroad bonds, which he left behind him, as speedily as possible after his decease.*   (2) He directs the trustee to have and to hold so many State, municipal or railroad bonds found among his assets as amount at their *par value* to the sum of $100,000, to collect and receive the income and interest *until the payment of the principal,* and to invest and keep invested the proceeds in safe interest-paying securities similar to those he left behind him.   (3) He directs that the proceeds of the accounts with bankers and brokers and of the sale of securities other than State, municipal and railroad bonds be invested in " *safe* " *interest-paying* securities similar to those left behind him.

It is clear that he had the utmost confidence in the State, municipal and railroad bonds which he left behind him, and it cannot be contradicted that there is authority in these provisions for the retention of these or similar bonds by the trustee until ultimate delivery to remaindermen; but this authority should not be exercised blindly, or arbitrarily, or absolutely.   The testator, had he so desired, could have given positive and absolute directions that these three classes of bonds found among his assets, in any and all events and in spite of any depreciation, be retained, but he did not make such a direction.   His language clearly shows that he had in mind *safe interest-paying securities.*   The authority contained in the will may not be used as an excuse or a shield to justify the failure to exercise in the premises the sound judgment, alertness and intelligence of one who keenly realizes his obligations, not only to the life tenant, but the remaindermen.   Conditions may arise under which the retention of these bonds, or some of them, might mean the wasting away of the corpus of the estate, with a consequent failure of income, ending in a valueless remainder.   The obligation of continued and constant vigilance upon the part of the

trustee with respect to these bonds is all the greater, since the will provides for the retention and delivery of such bonds in kind. While there is authority, as we have stated, for the retention of said bonds, the provisions containing this authority are simply directory. While testator favored such investments, he could not foretell radical changes in economic conditions, industrial disturbances, and sweeping legislative enactments that are in this generation within the range of possibilities.

Our conclusions, therefore, are: (1) That the trustee is authorized to hold these bonds so long as such retention is consonant with sound and safe discretion. (2) That the trustee is not only empowered, but obliged, to sell these bonds, if by so doing a loss to the estate may be avoided. (3) That a further order of this court shall not be necessary for such a sale, and this decision and decree will be such authority. (4) That, in making reinvestment, the trustee may invest in legal investments or as authorized by the will, in safe interest-paying securities, similar to the State, municipal or railroad bonds owned by the testator at the time of his death. (5) That the decree of April 28, 1906, in a prior accounting, did not decide the question now before the court, since this question was not presented directly for decision, nor did the decree have any specific instruction in the matter.

Submit decree accordingly.