In the Matter of the Estate of ROSCOE H. CHANNING, Deceased.

Surrogate's Court, New York County, April 11, 1927.

**Trusts — investments — testator empowered trustee, with consent of son, to invest in " securities of any company engaged in mining or other kindred pursuits "— language indicates intention to confer on trustee power to invest in non-legal securities — trustee cautioned as to surcharges in event of losses.**

Under a will which empowered the trustee, with the consent of the decedent's son, to invest in " securities of any company engaged in mining or other kindred pursuits," the trustee will be permitted to make investments in non-legal securities, since the language of the will seems to indicate such an intention upon the part of the decedent.   However, the trustee in the event of losses is liable to be surcharged upon future accounting proceedings.

INTERMEDIATE accounting involving authority of trustee to invest in other than " legal " securities.

*Geller, Rolston & Blanc*, for the petitioner.

*Maurice Bloch*, special guardian.

O'BRIEN, S.   In this intermediate accounting a question of construction has been raised as to the authority of the trustee to invest in securities other than " legal " securities.   Decedent was an officer of Miami Copper Company of Delaware and at the time of his death owned 7,000 shares of the stock of said company.   This stock has been sold and the proceeds invested in " legal " securities.   The 5th paragraph of decedent's will is the subject of the query propounded by the trustee.   It reads as follows: " I hereby authorize and empower my said trustee in carrying out any of the trusts created by this will to select and appropriate and sell at public or private sale at such time or times, for such price or prices and upon such terms as it shall deem best, all or any part of the real or personal estate of which I shall die seized or possessed, with the right in its discretion to invest and re-invest the proceeds of any such sales; but if my sons J. Parke Channing and Roscoe H. Channing, Jr. or either of them be living

at the time of such sales or investment or reinvestment, the consent and concurrence of at least one of my said sons shall be necessary to give validity to the sale of, or investment or reinvestment in the capital stock or other form of securities of any company engaged in mining or other kindred pursuits."

The trustee seeks the approval of the court for its contention that by said paragraph the trustee is empowered to invest in other than " legal " securities subject to the limitation that if the investment be in the capital stock or other form of securities of any company engaged in mining or other kindred pursuits, the consent of one of testator's sons must be secured and subject to the further limitation established in certain well-known cases that any such reinvestment in other than " legal " securities shall be in securities of a reasonably prudent character and of a type which testator might have owned at the time of his death.   The first half of the paragraph in question empowers the trustee to " sell at public and private sale at such time or times, for such price or prices and upon such terms as it shall deem best, all or any part of the real or personal estate of which " decedent died seized " with the *right in its discretion* to invest and reinvest the proceeds of any such sales." This language, while it seems to permit investment in non-legal securities is not sufficient of and by itself to confer such a power upon the trustee.   The last half of the paragraph, however, clearly indicates an intention upon the part of decedent to confer such a power upon the trustee.   It is well to reiterate the caution frequently expressed in this court that even in the face of this authority vigilance and alert judgment will be always required and the surcharging of losses upon the trustee in future accountings is not beyond the range of possibilities in spite of said authority.   (*Matter of Frank*, 124 Misc. 664; *Matter of Adam*, N. Y. L. J. March 3, 1925; *Matter of Gude*, Id. June 11, 1926; *Matter of Brown*, Id. Jan. 13, 1927.)   Proceed accordingly.