Otto 0. Jaeger, S.
The testator died on September 30, 1964 and his will dated December 26, 1956 was duly admitted to probate.
In this accounting proceeding the court is asked to construe paragraph “ fourth ” of the will insofar as it provides as follows: “ I authorize my Trustees to invest the principal of the Two Trusts hereinafter set up in a proportion which will limit such investment to not less than fifty per cent of each trust in securities now or formerly called 1 legáis ’ and not more than fifty per cent, in such equity securities as may now or hereafter be authorized by the Laws of the. State of New York.”
Before the revision of section 21 of the Personal Property Law, effective July 1, 1950, there were two general classifications of trust investments, “ legáis ” (fixed income obligations authorized by statute) and “non-legals ” (all investments unauthorized by statute but permitted to trustees if authorized by the terms of the trust instrument). The revised statute, after listing “legal” investments in paragraphs (a) through (l) of subdivision 1, created a new classification. In paragraph (m) , trustees were authorized in their discretion and subject to certain restrictions and limitations, to invest in “ other securities ”, including common and preferred stocks, which prior to the amendment would have been classified as “non-legals ”. Apparently the testator was aware that such discretionary investments were no longer “ non-legals ” but had some doubt as to whether they fell within the “ legal ” classification or comprised a new and distinct category. In order to assure that they would not be included within the term “ legáis ” as used in his will, he used the phraseology, “ securities now or formerly called 1 legáis ’ ’ ’. The court places no other or greater significance on his use of the words, ‘ ‘ now or formerly ”.
That testator did not intend paragraph (m) type investments to be included within the term “ legáis ” is obvious. Were they to be included and each trust considered as divided into two *744 separate funds for investment purposes, the trustees could invest 50% of the fund in “ equity securities ” pursuant to the express authority contained in the will and, in addition, invest a portion of the other 50% in such securities pursuant to paragraph (m). This would be inconsistent with the testator’s intent to limit investment in “ equity securities ” to “ not more than ’ ’ 50% of the fund.
Accordingly the court construes the phrase, “ securities now or formerly called ‘ legáis ’ ”, as including investments authorized by paragraphs (a) through (1) of the statute, but as excluding investments made eligible by paragraph (m).
At the time the will was executed and on the date of death, paragraph (in) contained a 35% limitation on the amount of the fund which could be invested pursuant thereto. In the quoted provision of the will the testator increased the area of discretionary investment available to his trustees to 50% of the aggregate market value of the fund, which is the same percentage limitation set forth in paragraph (m) as amended by chapter 901 of the Laws of 1965.
The testamentary provision differs from the amended statute, nevertheless, in that the former refers only to “ equity securities ” whereas the latter authorized investment in corporate obligations of the fixed income type as well as common and peferred stocks. Since, however, the power granted in the will as to “ equity securities ” is merely an authorization, it should not be regarded as a prohibition against the broader powers of investment conferred by the statute (Matter of Wilson, 127 N. Y. S. 2d 876, 883; Matter of Sanford, 149 N. Y. S. 2d 500).
Investments in fixed income obligations pursuant to paragraph (m) will be governed by the 50% limitation contained in the statute as amended, rather than the 35% limitation in effect on the date of death, since, in the absence of a different intent, the statutory authority of testamentary fiduciaries with respect to investments is that in effect at the time the investment is made (City Bank Farmers Trust Co. v. Evans, 255 App. Div. 135; Matter of Hamersley, 152 Misc. 903; Matter of Wilson, supra, pp. 880, 881).
EPTL 11-2.2 (subd. [a], par. [1], subpar. [O]), would apply but for the fact that the provisions of the EPTL are applicable only to estates of persons living on its effective date or born subsequent thereto (EPTL 1-1.5).
The court construes the quoted provision of the will as neither limiting nor extending the investment authority conferred upon trustees by section 21 of the Personal Property Law as amended.