S. Samuel Di Falco, S.
Henry W. Berg died on September 22, 1938, a resident of the County of New York, leaving a will admitted to probate in this court on January 7, 1939. In this proceeding the trustee under article nineteenth of that will seeks the settlement of its account and, in addition, construction of article twenty-first thereof in which are embodied the investment instructions of the testator. Paragraph twenty-first authorized the retention by the designated fiduciary of investments held by the decedent at the time of his death without regard to whether they were then lawful investments. He then went on in the same article to “ authorize ” his trustee to invest in a specified list of Government, State and municipal bonds of the kind found in the portfolio he had theretofore maintained.
In this article of the will there is not to be found the semblance of a direction to the fiduciary as to the investment program it was to follow in the management of the affairs of the estate. The testator’s “ authorization ”, to retain and reinvest in securities of the kind described, constituted no more than the expression of a suggested course of investment action, but it fell far short of the exercise of a permissible restriction on any appropriate statutory authority applicable in addition or in the alternative to the management and control of investments by fiduciaries.
It has frequently been held that a testamentary provision authorizing, without directing, the course of the investment of estate funds must be construed as permissive, thus allowing the acquisition of other securities permissible under the statute in effect at the time such investments are made. (Matter of Sanford, 149 N. Y. S. 2d 500; People ex rel. Oldroyd v. *198 McDonnell, 1 Misc 2d 1055; Matter of Kline, 21 Misc 2d 297.) Concurring, as it does in this view, the court holds that the investment instructions of the testator expressed here in the twenty-first article of his will permit the trustee to invest in such securities as are eligible for investment by trustees generally.
The petition asks the court to rule that trustee may invest as provided in EPTL 11-2.2. That request requires a further determination whether this pre-1967 trust is governed by EPTL 11-2.2 or by section 21 of the Personal Property Law. Although both sections were originally almost identical, a recent amendment to the former (L. 1970, ch. 321) has wrought a substantial difference between them. The problem of applicability arises because section 1-1.5 confines the Estates, Powers and Trusts Law to “ the estates # * * of persons living on its effective date [September 1, 1967] ”, and section 1A-1.1 (subd. [b], par. [2]) says that any “repealed statute [such as the Personal Property Law] shall continue to apply to any instrument to which it would have applied had it not been repealed, whenever, under 1-1.5, such instrument is not .subject to the provisions of this chapter * * * because its creator was not living on the effective date of this chapter ”.
If we read only these two sections we should conclude that the death of this testator in 1938 would mean that the administration of the trust is governed by pre-1967 statutes. A closer reading of both statutes in the light of relevant court decisions leads, however, to a different conclusion.
Significant-are the very first words in section 1-1.5: “ Unless otherwise stated therein, the provisions of this chapter apply to the estates * * * of persons living on its effective date ”. (Emphasis added.) Thus we must look at the respective sections of EPTL to determine whether they state explicitly or by necessary implication that they are intended to be applicable to estates and trusts existing in August, 1967. Section 11-2.2 (subd. [a], par. 1) reads: “A fiduciary holding funds for investment may invest the same ” as therein set forth. Thus it is the time of investment that is decisive and not the moment of death. Section 11-2.2 (and its predecessor, Personal Property Law, § 21) is not designed as an aid in the search for testamentary intent. Bather it is intended to prescribe rules for investment of trust funds which the Legislature provides as a guide for fiduciaries when the governing instrument does not prescribe its own rules. Ideas on sound investment policy change from time to time and our statutes have passed through *199 many changes, (Matter of Hamersley, 152 Misc. 903, 908.) Even- the earliest forms of the statute (L. 1889,. ch. 65; L. 1897, ch. 417, § 9) refer to one “ holding trust funds for investment ”. An unbroken line of decisions in this State have held that the authority and the obligation of executors and trustees respecting investment of trust funds are fixed by the law which is effective at the time of investment. (City Bank Farmers Trust Co. v. Evans, 255 App. Div. 135; Matter of Westerfield, 278 App. Div. 153, 158, affd. 303 N. Y. 916; Matter of Arms, 193 Misc. 427, 429; Matter of Hamersley, supra; Matter of Uhlich, 123 N. Y. S. 2d 891, 894; Matter of Wilson, 127 N. Y. S. 2d 876, 880-881; Matter of Miller, 201 Misc. 123; Matter of Lincoln Rochester Trust Co., 201 Misc. 1008, 1015; Matter of Katte, 106 N. Y. S. 2d 155, 156; Matter of Byles, 125 N. Y. S. 2d 871, 873.) Indeed, that rule is the one generally applied with respect to trust investments. (3 Scott, Trusts- [3d ed.], § 227.13, pp. 1843-1844, and cases cited.) In this connection Surrogate Delehaitty has said: ‘ ‘ The vast increase in the wealth of the population of this country, the vast increase in the quantity of trust funds seeking investment, the vast increase in savings bank deposits and insurance funds which had to be invested, all led to the adoption of a legislative policy which classified as permissible investments which the courts in earlier days might not have approved as a matter of judicial discretion. The standard judicially fixed in the earlier days was not an inflexible standard. Quite the contrary. The earlier rule conformed to the earlier conditions. Even in the absence of statute any later judicial rule would presumably have conformed to the later conditions. It would be anomalous that a hard and fast limitation should be placed on trustees restricting them solely to investments authorized at the date of creation of the trust. No such rule was made by judicial decision and though this will is dated in 1878 the law of today is applicable to the investments made today of the funds of the trust — unless specific directions are to be found in the will which unalterably prescribe the investment to be made.” (Matter of Hamersley, supra, pp. 908-909.)
The court, therefore, construes section 11-2.2 as containing within itself the legislative declaration that is applicable to any fiduciary who is holding funds for trust investment, regardless of the date when the trust came into existence. It is the moment of investment that is decisive. Thus section 11-2.2 comes within the exception of section 1-1.5 because the rule of applicability is ‘ ‘ otherwise stated therein ’ The application of *200 the petitioner is granted and the court construes the will as authorizing the trustee to invest and reinvest any securities mentioned in EPTL 11-2.2 and is not limited to investments in securities of the type authorized expressly in the will.
Submit decree on notice construing the will and settling the account accordingly.