John J. McCall, S.
As part of their prayer for a decree of this court settling- their accounts, the executors of the last will and testament are seeking a court determination relative to the trustees ’ power of investment under the will and the applicable statutes and also a ruling by this court as to the existence of any priority between two trusts, both of which grant powers of invasion for the benefit of a named beneficiary, to wit, the husband of the deceased, who is a coexecutor here.
Paragraph Sixth of the instrument reads as follows (as far as applicable to the issue here):
*628 ‘ ‘ sixth : I hereby expressly authorize and empower the executors of my estate and also the trustees of the trusts herein created, in their sole and absolute discretion:
“ (1) To invest, reinvest and keep invested fifty per cent (50%) of the corpus of my estate and of any trust fund, in such property as they shall select and which shall be legal for investment of trust funds under the laws of New York State; to invest and reinvest fifty per cent (50%) of the corpus of my estate and of any trust fund, in real or personal property, including corporate bonds, debentures, stocks (common or preferred), real estate mortgage bonds or notes or participations therein, and other investments including common trust funds and investment trusts, in their discretion, without limiting such investments to the classes of securities or property which are now or may hereafter be prescribed by law as those in which trust funds shall be invested; ”.
Investment powers of trustees have long been controlled by statute in this State and the present issue cannot be resolved unless the court examines the various statutes, determines their applicability to the present situation and then defines the trustees’ power in accordance therewith. Taking the chronological approach, section 21 of the Personal Property Law contained the rules of investment for many years, it having been amended from time to time during its existence. Generally speaking, the law provided for legal investments for fiduciaries and, as of the date of the last amendment (July 17, 1965) the plaeings of 50% of the funds in enumerated securities. The Estates, Powers and Trust Law was enacted in 1966, effective September 1, 1967. By the terms of that law section 21 of the Personal Property Law was repealed but section 11-2.2 of the new statute was a re-enactment of the repealed law without substantial change. In 1970, there was enacted an amendment to section 11-2.2 which in substance eliminated ‘ ‘ the legal concept ” and permitted investments in such securities “ as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and preservation of their capital”. Which statute, different as they are, applies to this estate, the date of death being October 10, 1965?
Speaking about applicability generally, we look to the acts of the Legislature. The 1967 EPTL was a comprehensive one, putting all of the law on the subject that had heretofore been spread out among many or embodied in case law under one heading. Such a huge transformation and in part, at least reformation, required something quite definite as to applicability dates. EPTL 1-1.5 provides that unless otherwise stated therein, *629 the provisions of the chapter would apply to the -estates and to instruments making dispositions or appointments thereof, of persons living on its effective date (Sept. 1, 1967) without regard to the date of execution of the instrument. The section further states that the chapter shall not impair or defeat rights accrued under instruments prior to its effective date. EPTL 14-1.1 (subd. [b], par. [2]) provides that a repealed statute would continue to apply to any instrument to which it would have applied prior to repeal whenever, under EPTL 1-1.5 the instrument is not subject to EPTL.
This court is of the opinion that the provisions of former section 21 of the Personal Property Law are applicable to the instant estate and that EPTL is not, particularly EPTL 11-2.2 as amended proving for the prudent man rule. The present question was decided to the contrary in Matter of Berg (64 Misc 2d 197). The Surrogate there decided that the words of EPTL 11-2.2 (subd. [a], par. 1) “a fiduciary holding funds for investment ’ ’ meets the exception of 11 unless otherwise directed” of section 1-1.5. He concludes that section 11-2.2 therefore includes within itself legislative declaration that it is applicable retroactively. The words upon which he relies are not at all what he says they are. They constitute a direction for action to a fiduciary and that is all they do. Not new either is the phrase for it has been transposed in toto from section 21 of the Personal Property Law. The direction called for by section 1-1.5 must relate to an applicable date, explicitly or by implication, and these quoted words do not. The conclusion reached by the Surrogate may be desirable, one reached in good faith but being one without a sufficient premise, it is not followed here. In reaching its decision the court does not overlook the fact that it would have great difficulty in giving a valid reason for the existence of the policy of nonretroactivity. A trustee having funds has the same responsibility and duty, to wit, to produce income and growth on balance, no matter what the source -of the funds. Be that as it may, policy making is beyond the court’s competence, and until the Legislature changes the policy the course of action herein indicated for fiduciaries must be followed. It is interesting to note that EPTL 11-2.1 dealing with principal and income, does contain its own retroactivity section and applies to trusts before and after the effective date of EPTL. The Legislature has apparently chosen a different policy here. Such a judgment is within its province and until changed, must be followed.
In each of the two trusts established by the'testatrix there is lodged in the trustee a power of invasion of the corpus. The *630 executors here seek court’s instruction as to the priority, if any, to be given to the source of the withdrawals; no such preference has been dictated by the decedent. Withdrawals from trust fund A are to he made from A for emergencies and from trust fund B for living expenses and any dire emergency. It would seem that the nature of the demand points out the fund from which it should be met. The testatrix here has pointed out she desired the surviving husband to have access to additional funds for certain specified purposes, and indicated the particular fund that was to serve each such purpose. To that extent and in that manner the deceased indicated the priority between the funds; beyond that the matter is simply not present. For the court here to direct the withdrawal to come from trust fund A before trust fund B or vice versa would be contrary to the wishes of the testatrix. She has spoken in the premises and the trustees must abide by her words.
The accounts are judicially settled and allowed. Commissions allowed as appear in the account, subject to computation by the Clerk. The guardian ad litem is allowed the sum of $250 for services herein rendered.