Thomas R. Hadaway, S.
The petitioners, who are the surviving trustees of a trust set up under paragraph Sixth of the last will and testament of Moses Charles Migel, the above-named decedent, in this proceeding for the judicial settlement of their final account, have requested a determination as to the validity, construction and effect of certain trust powers set forth in paragraph Twelfth of the will, which reads, in part, as follows:
“ Twelfth; I hereby grant to my executors and trustees, respectively, with respect to any and all property, whether real or personal, of which I am the owner at the time of my death, or which shall at any time constitute part of my estate, or of any trust under this my Will, including that held for minors, and whether constituting principal or income thereof, the following powers:
“1. To retain any such property as an investment without regard to the proportion such property, or property of a similar character, so held, may bear to the entire amount of my estate or of the trust in which such property is held, although the same may not be of the character in which my executors or trustees, as the case may be, would then be authorized to make a new investment.
“2. To sell any such property at either public or private sale for cash or on credit; to exchange such property, and to grant options for the purchase or exchange thereof.
*378 “3. To invest and reinvest in any property, and in such manner, as trustees are from time to time authorized to invest trust funds by the laws of the State of New York, and in making any such investment or reinvestment my executors and trustees shall not be limited by the proportion which the investment so to be made, either alone or with any other property of the same or similar character then held or thereafter acquired, may bear to the entire amount of my estate or of any trust fund established hereunder, except as expressly provided by law, provided, that any common or preferred stocks purchased hereunder shall have paid dividends for not less than ten (10) consecutive years prior to such purchase hereunder, and provided, further, that up to, but not exceeding, thirty-five (35%) per centum of the value of my estate or of any trust fund established under this my Will, to be determined as of the date on which such investment is to be made, may be invested in such common and preferred stocks without regard to whether or not such investments are then authorized for investment by trustees under the laws of the State of New York.”
The petitioners request a construction that they, as such trustees, may make any investments authorized by the so-called 1 ‘ prudent man rule” set forth in EPTL 11-2.2 (subd. [a], par. [1]) even if more than 35% of the value of the fund be invested in common and preferred stocks, and that the trustees are restricted only by the requirements of the decedent’s will that stocks purchased must have paid dividends for not less than 10 consecutive years prior to such purchase.
The decedent died on October 23, 1958, and his will is dated May 12, 1954. At the time the will was executed, section 21 (subd. 1, par. [m]) of the Personal Property Law allowed fiduciaries to invest up to 35% of the aggregate market value of the fund in common and preferred stocks.
A determination as to the validity, construction and effect of paragraph Twelfth of the will depends, in part, on whether the 1970 amendment (L. 1970, ch. 321) to EPTL 11-2.2 is retroactive in its effect or whether it applies only to persons living on September 1, 1967, the effective date of the EPTL. EPTL 1-1.5 states that, unless otherwise stated therein, the provisions of the EPTL apply to estates, and.to instruments making dispositions and appointments thereof, of persons living on its effective date (Sept. 1, 1967) or born subsequent thereto, without regard to the date of the execution of any such instrument, except that the provisions of the EPTL shall not impair or *379 defeat any rights which have accrued under dispositions or appointments in effect prior to its effective date.
The court’s attention has been called to two recent decisions on the subject of the retroactivity of EPTL 11-2.2.
In Matter of Berg (64 Misc 2d 197) Surrogate Di Falco of New York County, on September 21, 1970, held that EPTL 11-2.2 was retroactive in its effect and applied to a trust created in a will of a decedent who died in 1938 and that the trustees had the power to invest and reinvest in any securities mentioned in EPTL 11-2.2 and were not limited to investment in securities of the type authorized expressly in the will. He held also that EPTL 11-2.2 comes within the exception of EPTL 1-1.5 because the rule of applicability is “ otherwise stated therein ”.
A contrary ruling was made by Surrogate McCall of Albany County on September 29, 1971 in Matter of Andrews (67 Misc 2d 627) in which he held that the trustees under a will of a decedent who died in 1965 were governed by section 21 of the Personal Property Law, citing EPTL 14-1.1 (subd. [b], par. [2]) which provides that a repealed statute shall continue to apply to any instrument to which it would have applied prior to repeal whenever, under EPTL 1-1.5, the instrument is not subject to EPTL either because the creator was not living on the effective date of the EPTL or because rights accrued under such instrument which cannot be impaired or defeated by the EPTL.
No appeals were taken from the decisions in either case and the court’s attention has been called to no other more recent decision directly in point.
In the court’s opinion, the present case is distinguishable from Matter of Berg (supra) in that the present testator laid down certain rules for the guidance of his trustees in the making of investments, whereas the testator in the Berg case did not. Surrogate Di Falco, in his decision, stated that EPTL 11-2.2 and its predecessor, section 21 of the Personal Property Law, were intended to prescribe rules for investment of trust funds when the governing instrument does not prescribe its own rules.
He cites numerous cases holding that the authority and obligation of executors and trustees respecting investment of trust funds are fixed by the law which is effective at the time of investment, including Matter of Hamersley (152 Misc. 903), in which Surrogate Delehahty -said it would be anomalous that a hard and fast limitation be placed on trustees, restricting them solely to investments authorized at the date of creation of the *380 trust, that no such rule was made by judicial decision, and though the will then under consideration was dated in 1878, the law, as it presently stood, was applicable to the investments then made of the funds of the trust, unless specific directions are to be found in the will which unalterably prescribe the investments to be made.
Moses Charles Migel in paragraph Twelfth of his will authorized his executors and trustees to retain any and all property, real or personal, of which he was the owner at the time of his death without regard to the proportion such property, or property of a similar character, so held, may bear to the entire amount of his estate or the trust in which such property is held although the same may not be of the character in which the executors and trustees would then be entitled to make an investment.
He then goes on to give his executors and trustees the right to invest and reinvest in any property, as trustees are from time to time authorized to invest trust funds under the laws of the State of New York and states that, in making any such investment or reinvestment, said executors and trustees should not be limited by the proportion which the investment, so to be made, may bear to the entire amount of his estate or of any trust fund established under his will, except as expressly provided by law provided that any common or preferred stocks purchased shall have paid dividends for not less than 10 consecutive years prior to such purchase, and provided, further, that up to, but not exceeding, 35% of the value of his estate or any trust fund established under his ;will, to be determined as of the date on which such investment is tobe made, may be invested in such common and preferred stocks without regard to whether or not such investments are then authorised for investment by trustees under the laws of the State of New York.
When the decedent gave his executors and trustees the right to invest and reinvest in any property as trustees are from time to time authorized to invest trust funds by the laws of the State of New York, it is reasonable to assume that he was cognizant of the fact that those laws would change; and, as has proven to be the case, restrictions on investments have been considerably relaxed until we now have the so-called “ prudent man ’ ’ rule. It might also be said that this language would include the “ prudent man ” rule enunciated by the 1970 amendment to EPTL 11-2.2 and, if that is so, then the question of the retroactivity of EPTL 11-2.2, insofar as the will under discussion is concerned, becomes moot.
*381 But the decedent did not stop there. He went on to direct his executors and trustees to invest only in common or preferred stocks which had paid dividends for not less than 10 consecutive years and up to but not exceeding 35% of the value of his estate or of any trust fund established under his will. In other words, he laid down his own ground rules to be followed by the executors and trustees, regardless of what the statutes may permit in the way of investments at the time such investments were made. In the court’s opinion these rules cannot be ignored. (Matter of Sutro, 201 Misc. 368; Matter of Taylor, 6 Misc 2d 60, affd. 6 A D 2d 756.)
The decedent was a nonagenarian at the time of his death, had lived through the depression of the 1930’s, and undoubtedly was fully aware of what had happened to the market value of common and preferred stocks during the stock market crash of 1929. Therefore, it is not unreasonable to assume that he wished to place some restraints on his executors and trustees in the manner of investing the funds of his estate regardless of what their statutory power might be at the time such investments were made.
The court has been informed that legislation is now pending intended to clarify the question of the retroactive effect not only of EPTL 11-2.2 but of the entire Estates, Powers and Trusts Law.
Unless and until an appellate court has passed on the question of the retroactivity of EPTL 11-2.2 or the Legislature has made its meaning more clear, this court hesitates to say whether or not that section is retroactive in its effect and applies to persons who died prior to September 1, 1967, the effective date of the Estates, Powers and Trusts Law.
The court construes paragraph Twelfth of the decedent’s will to mean that his executors and trustees may retain real or personal property owned by the decedent at the time of his death without regard to the proportion such property, or property of similar character, so held, may bear to the entire amount of his estate or of the time in which such property is held, and may invest and reinvest funds of the estate or of any trusts created under his will in any property in which trustees are authorized to invest trust funds by the law of the State of New York at the time said investment is made, but subject to the provisions that common or preferred stocks purchased shall have paid dividends for not less than 10 consecutive years, and that not to exceed 35% of the value of the estate or trust fund shall be invested in any common or preferred stocks.