Thomas R Hadaway, S.
This is a proceeding to determine the validity, construction and effect of the disposition of property contained in paragraph “ twelfth ” of the last will and testament of the above-named decedent, which reads in part as follows:
‘ twelfth : I hereby grant to my executors and trustees, respectively, with respect to any and all property, whether real or personal, of which I am the owner at the time of my death, or which shall at any time constitute part of my estate, or of any trust under this my Will, including that held for minors, and whether constituting principal or income thereof, the following powers: * * *
“3. To invest and reinvest in any property, and in such manner, as trustees are from time to time authorized to invest trust funds by the laws of the State of New York, and in making any such investment or reinvestment my executors and trustees shall not be limited by the proportion which the investment so to be made, either alone or with any other property of the same or similar character then held or thereafter acquired, may bear to the entire amount of my estate or of any trust fund established hereunder, except as expressly provided by law, provided, that any common or preferred stocks purchased hereunder shall have paid dividends for not less than ten (10) consecutive years prior to such purchase hereunder, and provided, further that up to, but not exceeding, thirty-five (35%) per centum of the value of my estate or of any trust fund established under this my Will, to be determined as of the date on which such investment is to be made, may be invested in such common and preferred stocks without regard to whether or not such investments are then authorized for investment by trustees under the laws of the State of New York/’
The decedent died on October 23, 1958, leaving a will dated May 12, 1954, which was admitted to probate on November 6, 1958.
The petitioners, as surviving trustees, have requested a construction ‘ ‘ that regardless of the proportion of the trust fund invested in common and preferred stocks the trustees may invest and reinvest funds of the trust in bonds which are convertible into common or preferred stock at the option of the holder, pro *642 vided such bonds are otherwise legal for investment by fiduciaries in the State of New York and provided further that (a) no such bonds may be converted into common or preferred stock by the trustees if such conversion would result in the acquisition of any stock which has paid dividends for less than ten consecutive years, and (b) no bonds may be so converted if as a result of such conversion the proportion of the value of the estate or trust fund invested in any common or preferred stocks would exceed thirty-five per cent. ’ ’
In a previous construction proceeding, in this estate, involving the same numbered paragraph of the decedent’s will, this court held that ‘ his executors and trustees may retain real or personal property owned by the decedent at the time of his death without regard to the proportion such property, or property of similar character, so held, may bear to the entire amount of his estate or of the time in which such property is held, and may invest and reinvest funds of the estate or of any trusts created under his will in any property in which trustees are authorized to invest trust funds by the law of the State of New York at the time said investment is made, but subject to the provisions that common or preferred stocks purchased shall have paid dividends for not less than 10 consecutive years, and that not to exceed 35% of the value of the estate or trust fund shall be invested in any common or preferred stocks.” (Matter of Migel, 69 Misc 2d 376, 381).
As a general rule, the intention of the testator is to be ascertained from the language of the disposing instrument, and such language, when unambiguous, shall control. (Matter of Fabbri, 2 N Y 2d 236.) In the absence of a contrary intention, the words of a disposing instrument shall be given their ordinary and usual meaning. (Matter of Gautier, 3 N Y 2d 502.)
In this case there is nothing to suggest that the limitation, phrased in terms of “ common and preferred stocks ”, should be construed to include convertible debentures.
A share of stock is evidence of ownership of corporate assets (18 O. J. S., Corporations, §§ 216, 220), and not evidence of corporate indebtedness as is a bond. A convertible bond is simply a bond convertible into stock under certain conditions (19 C. J. S., Corporations, § 1146). From an investor’s point of view, a bond is a less speculative investment because it is a secured debt entitled to priority in the event of corporate distribution or dissoution. That a bond is convertible at the sole option of its holder into stock should no more affect its essential quality of being 9 bond than should the fact that cash is convertible into stock affect *643 the nature of cash. Any bond, or any property, for that matter, is convertible into stock through the intermediate step of converting it to cash.
Except for cases involving the Securities Exchange Act of 1934, case law indicates that a convertible debenture is a bond and not an equity security until conversion occurs. (See Venner v. American Tel. & Tel. Co., 110 Misc. 118; Pratt v. American Bell Tel. Co., 141 Mass. 225; Parkinson v. West End St. Ry. Co., 173 Mass. 446; Gay v. Burgess Mills, 30 R. I. 231.)
As to the Securities Exchange Act of 1934, section 78c (subd. [a], par. [11]) of title 15 of the United States Code does define an “ equity security ” to include all securities convertible into stock. However, such definition is expressly limited to use within the Securities Exchange Act, and the rationale of the act and the cases interpreting the act do not warrant a broader application.
Faced with the common and ordinary meaning of ‘ common and preferred stocks ”, the absence of any ambiguity in the disposing instrument and the absence of any hint of a contrary intention on the part of the testator, there appears to be no obstacle to the petitioners ’ proposed investment in bonds which are convertible into common or preferred stock, at the option of the holder, provided such bonds are otherwise legal for investment by fiduciaries in the State of New York, and provided further that (a) no such bonds may be converted into common or preferred stock by the trustees if such conversion would result in the acquisition of any stock which has paid dividends for less than 10 consecutive years, and (b) no bonds may be so converted if as a result of such conversion the proportion of the value of the estate or trust fund invested in any common or preferred stocks would exceed 35%.
Settle decree in accordance with the provisions of section 1830.23 of the Uniform Rules for all Surrogates’ Courts in the Second Judicial Department, in effect September 1, 1972 (22 NYCRR 1830.23).