■ In the Matter of DOROTHY KIRCHER, Individually and on Behalf of Her Husband and Four Minor Children, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Department of Social Services dated November 12, 1982 as affirmed so much of a determination of the local agency as denied an application for Medicaid benefits for petitioner's family.

Petition granted to the extent that so much of the determination of the State Commissioner as affirmed so much of the determination of the local agency as denied Medicaid benefits to petitioner's children is annulled, on the law, without costs or disbursements, petitioner's application for Medicaid assistance granted with respect to petitioner's children, proceeding otherwise dismissed on the merits, and matter remitted to respondent State Commissioner for further proceedings consistent herewith.

Petitioner and her family are recipients of Aid to Families with Dependent Children (AFDC) who have been denied Medicaid benefits because petitioner and her husband transferred certain nonexempt real property to petitioner's sister for a nominal amount less than 24 months prior to the application for Medicaid. The denial of Medicaid benefits resulted from the application of Social Services Law § 366 (5) (a), which provides that "[i]n determining the * * * eligibility of any person for [Medicaid] assistance * * * there shall be included in the amount of resources considered available to such person the uncompensated value of any nonexempt resource transferred within twenty-four months prior to the date of application". We conclude that although petitioner and her husband were properly denied Medicaid benefits, respondents erred in denying such benefits to their minor children solely because the parents had transferred property at a nominal fee less than 24 months prior to their application.

Initially petitioner contends that Social Services Law § 366 (5) (a) is inapplicable to persons whose eligibility for Medicaid stems from their eligibility for AFDC. This argument is unper-

suasive. While it is true that Social Services Law § 366 (1) (a) (1) provides for Medicaid assistance to persons receiving AFDC, that section is qualified by section 366 (5) (a), which refers to the eligibility for Medicaid of "any person" who has transferred property for less than its value within 24 months prior to the application. Thus, petitioner's attempt to exclude all AFDC recipients from the ambit of section 366 (5) (a) must be rejected.

Moreover, the section is in accord with the provisions of Federal law governing the Medicaid program. 42 USC § 1396p (c) (1) provides as follows: "Notwithstanding any other provision of this subchapter, an individual who would otherwise be eligible for medical assistance under the State plan approved under this subchapter may be denied such assistance if such individual would not be eligible for such medical assistance but for the fact that he disposed of resources for less than fair market value. If the State plan provides for the denial of such assistance by reason of such disposal of resources, the State plan shall specify a procedure for implementing such denial which, except as provided in paragraph (2), is not more restrictive than the procedure specified in section 1382b (c) of this title, and which may provide for a waiver of denial of such assistance in any instance where the State determines that such denial would work an undue hardship." Petitioner and her husband have sought Medicaid benefits solely on the basis of their eligibility for AFDC and would not have been eligible for AFDC had they not transferred the property prior to their application. Thus, petitioner and her husband fall squarely within the terms of both Social Services Law § 366 (5) (a) and 42 USC § 1396p (c) (1).

The same cannot be said, however, with respect to petitioner's children. The statute does not specifically address the question of whether minor children otherwise eligible for Medicaid should be deprived of necessary medical care because their parents have improperly transferred property in an attempt to qualify for public assistance. Although respondents' interpretation of the statute would normally be entitled to great weight, we decline to accept that interpretation in this case because to do so would render the statute inconsistent with Federal law and thus would be violative of the supremacy clause (see, Scarpuzza v Blum, 73 AD2d 237).

42 USC § 1396p (c) (1) only allows a State to deny Medicaid to an otherwise qualified person if "*he* disposed of resources" (emphasis added). Since no claim is made that the children themselves disposed of any resources, the statute is inapplica-

ble to them. Moreover, section 1396p (c) (1) also provides that a State statute of this nature may not be more restrictive than the procedure established in 42 USC § 1382b (c) with respect to transfers by supplemental security income recipients. Although the latter section provides for consideration of transfers by an otherwise eligible spouse in determining the other spouse's eligibility, it does not allow a transfer by a parent to be imputed to a child. Nor, contrary to respondents' suggestion, does 42 USC § 602 (a) (7) (B) suggest a different result. That statute is pertinent only to the underlying AFDC eligibility determination and has no bearing here. Although the children would not have been eligible for AFDC had their parents not transferred the property, they themselves did not transfer the property.

Finally, we reject petitioner's claim that to the extent Social Services Law § 366 (5) (a) operates to deny Medicaid assistance to certain persons who have been deemed needy for purposes of AFDC, it is violative of the State's affirmative duty to provide aid to the needy (NY Const art XVII; *Tucker v Toia,* 43 NY2d 1). The Legislature has great discretion in setting criteria for defining the needy and establishing programs to aid those deemed to be in need (*Tucker v Toia, supra,* at p 8) and may establish different criteria for different types of assistance. Moreover, the Legislature is free to exclude those who have purposely created their own "need" in order to qualify for assistance (*Matter of Flynn v Bates,* 67 AD2d 975, *lv denied* 48 NY2d 606). Thus, the application of Social Services Law § 366 (5) (a) to petitioner and her husband did not violate this constitutional mandate. Since we have concluded that the statute does not authorize denial of benefits to the children, we need not determine whether such a denial would be constitutionally permissible. Lazer, J. P., Mangano, Brown and O'Connor, JJ., concur.