OPINION OF THE COURT
Sebastian Leone, J.
In this proceeding, petitioner Elaine Moretti moves for leave to reargue this court’s decision dated September 24, 1992 to the extent that it denied that branch of her petition which sought an order authorizing and directing her to transfer the personal property held by her as conservator of the property of Michael Moretti into a supplemental needs trust with her as trustee.
The facts of the instant matter are as follows: On September 8, 1984, Michael Moretti, at the age of 15, was struck by a motor vehicle and suffered severe brain damage. A personal injury action was subsequently brought on his behalf, which resulted in a settlement payment of $1,000,000, $333,333 of which was paid as legal fees to the attorneys who had represented him in that action. Pursuant to an order of this court, the net proceeds of the tort settlement were used to purchase one half of Michael Moretti’s family home, and an annuity from Aetna Life and Casualty Company. After Michael Moretti reached his majority, this court, by order dated February 2, 1987, appointed Michael Moretti’s parents, Elaine Moretti (the petitioner herein) and Joseph Moretti (who is now deceased), co-conservators of his property.
Michael Moretti is now 24 years old. He resides at home with his family, and has been in a coma since the accident. He has no private health insurance and, as a result of the high cost of medical care for a coma patient, only approximately $200,000 remains of his initial tort recovery. These funds *656 render him ineligible for Medicaid and Supplemental Security Income (SSI).
In an attempt to avoid expending these remaining funds from Michael Moretti’s tort recovery on health care which, if he lacked such funds, would be paid by government entitlements, petitioner, in her original application, sought approval from this court to transfer Michael Moretti’s assets into a supplemental needs trust. The New York State Department of Social Services (NYSDSS) and the Nassau County Department of Social Services opposed the original application, and a guardian ad litem was appointed by the court to represent and protect the rights and interests of Michael Moretti. This court, based upon the applicable law which existed at that time, declined to approve the establishment of such a supplemental needs trust for Michael Moretti.
Petitioner, by her instant motion, seeks leave to reargue this court’s decision denying such approval. In support of her motion, petitioner asserts that several months after this court rendered its decision, there was a change in the applicable law. Specifically, on August 10, 1993, the Omnibus Budget Reconciliation Act of 1993 (OBRA '93, Pub L 103-66) (codified as amendments to 42 USC § 1396), containing major revisions of the Federal Medical Assistance (Medicaid) program, was enacted. OBRA '93 addresses supplemental needs trusts and explains their effect upon Medicaid eligibility. OBRA '93 also repealed 42 USC § 1396a (k), upon which the court relied in rendering its original determination. Additionally, on April 1, 1993, chapter 698 of the Laws of 1992 went into effect, creating article 81 and repealing articles 77 and 78 of the Mental Hygiene Law.
In consideration of these major changes in the law since the court’s decision was rendered, the court grants reargument (see, CPLR 2221; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:8, at 185) and, upon reargument, the court’s decision of September 24, 1992 is recalled and vacated to the extent indicated below.
In addressing petitioner’s application for an order approving the establishment of a supplemental needs trust for Michael Moretti, the court notes that EPTL 7-3.1 (a) provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator.” Pursuant to 42 USC former § 1396a (k) (2), "a trust * * * established (other than by will) by an individual (or an individual’s *657 spouse) under which the individual [was] the beneficiary of all or part of the payments from the trust and the distribution of such payments [was] determined by one or more trustees who [were] permitted to exercise any discretion with respect to the distribution to the individual,” was called a "Medicaid qualifying trust”. Under 42 USC former § 1396a (k) (1), the amount from such a trust deemed to be available income and/or resources for purposes of determining medical assistance eligibility was "the maximum amount of payments that [could] be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for the distribution of the maximum amount to the grantor.”
In cases decided prior to the enactment of OBRA '93 (including this court’s original decision dated September 24, 1992), courts have generally denied applications to establish supplemental needs trusts where such trusts were to be created and funded by an individual’s conservator, committee, guardian, or other legal representative with property in that representative’s hands or control on the ground that such supplemental needs trusts would constitute Medicaid qualifying trusts pursuant to 42 USC former § 1396a (k) (2) and self-settled trusts pursuant to EPTL 7-3.1 (a) (see, e.g., Matter of Daley, NYLJ, Sept. 16, 1992, at 25, col 2 [Sur Ct, Nassau County]; Matter of Shaw, NYLJ, July 8, 1992, at 33, col 1 [Sur Ct, Nassau County]; Matter of Gonzalez, 154 Misc 2d 633, 637 [Sup Ct, Nassau County 1992]; Matter of Daniel, NYLJ, Apr. 8, 1992, at 33, col 6 [Sur Ct, Dutchess County]; compare, Matter of Mills v Durst, 156 Misc 2d 676, 687 [Sup Ct, Onondaga County 1993] [holding supplemental needs trust was not self-settled where trust was created before infant had a legal right to the proceeds of the settlement]).
As noted above, OBRA '93 repealed 42 USC § 1396a (k). Moreover, OBRA '93 specifically addresses and resolves the issue, raised in this case and the above-cited cases, of whether such supplemental needs trusts established by an individual’s representative with property in that representative’s hands or control are self-settled and Medicaid disqualifying. 42 USC § 1396p (d) (2) (A) provides:
"(2) (A) For purposes of this subsection, an individual shall be considered to have established a trust [i.e., the trust is self-settled] if assets of the individual were used to form all or part of the corpus of the trust and if any of the following individuals established such trust other than by will:
*658 "(i) The individual.
"(ii) The individual’s spouse.
"(iii) A person, including a court or administrative body, with legal authority to act in place of or on behalf of the individual or the individual’s spouse.
"(iv) A person, including any court or administrative body, acting at the direction or upon the request of the individual or the individual’s spouse.”
Thus, generally, such a trust would be considered to be self-settled and Medicaid disqualifying. However, OBRA '93 simultaneously carves out an exception to the new trust rules. 42 USC § 1396p (d) (4) (A) provides:
"(4) This subsection shall not apply to any of the following trusts:
"(A) A trust containing the assets of an individual under age 65 who is disabled (as defined in section 1614 (a) (3)) and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this title.”
In the case at bar, the proposed supplemental needs trust falls within this exception, The trust would contain the assets of Michael Moretti, who is a disabled individual under age 65. The trusts permissible under this subsection may be funded with "the assets” of a disabled individual under age 65. There is no limitation with respect to how these assets were acquired by such individual. Petitioner, as Michael Moretti’s mother and guardian, seeks to establish this trust for his benefit. Petitioner had submitted a copy of the proposed supplemental needs trust which has now been amended and revised to comply with OBRA '93. Such proposed trust meets the requirements of 42 USC § 1396p (d) (4) (A) by providing in paragraph 3.3 thereof that: "This trust shall terminate upon the death of Michael Moretti and the State shall be reimbursed for medical assistance provided to Michael Moretti during his lifetime, as consistent with federal and state law.”
The proposed supplemental needs trust also now includes a provision (para 2.2) for the use of principle pursuant to court order. It appears that under 42 USC § 1396p (d) (4) (A), both the corpus and the income of the trust may be used during the beneficiary’s lifetime with full trustee discretion for the *659 benefit of the disabled individual. Additionally, the court notes that the proposed trust, as revised, no longer contains the language which the court found, in its original decision, rendered it void as against public policy pursuant to EPTL 7-3.1 (c).
In opposition to the instant application, the NYSDSS finds fault with certain provisions of the proposed supplemental needs trust and seeks their elimination. One of these provisions, which would have allowed the trustee "discretion to provide income to any member of the family who needs payment for travel arrangements in order to visit Michael Moretti,” although present in the original proposed supplemental needs trust, has already been eliminated by petitioner in the revised and amended proposed trust instrument. The NYSDSS also opposes the inclusion in the trust of paragraph 4.3, which provides that the trustee "shall be entitled to such compensation as may be allowable under the law of the State of New York.” The court, however, does not find this language to present a problem since such compensation is controlled by CPLR 8005. Additionally, the court, contrary to the NYSDSS’s arguments, does not find paragraph 2.6, which gives the trustee the discretion to use income for any "need and/or luxury the beneficiary may require to enjoy life to the fullest,” to be objectionable.
The NYSDSS further argues that the OBRA '93 amendments with respect to supplemental needs trusts do not become effective in New York until the State Legislature enacts legislation modifying or repealing the State’s current prohibition against such trusts, and authorizing such trusts for the first time. The court rejects this argument.
Section 13611 (e) of the OBRA '93 provides:
"(e) EFFECTIVE DATES.—
"(1) The amendments made by this section shall apply, except as provided in this subsection, to payments under title XIX of the Social Security Act for calendar quarters beginning on or after October 1, 1993, without regard to whether or not final regulations to carry out such amendments have been promulgated by such date.
"(2) The amendments made by this section shall not apply—
"(A) to medical assistance provided for services furnished before October 1, 1993,
"(B) with respect to assets disposed of on or before the date of the enactment of this Act, or
*660 "(C) with respect to trusts established on or before the date of the enactment of this Act.
"(3) In the case of a State plan for medical assistance under title XIX of the Social Security Act which the Secretary of Health and Human Services determines requires State legislation (other than legislation appropriating funds) in order for the plan to meet the additional requirements imposed by the amendment made by subsection (b), the State plan shall not be regarded as failing to comply with the requirements imposed by such amendment solely on the basis of its failure to meet these additional requirements before the first day of the first calendar quarter beginning after the close of the first regular session of the State legislature that begins after the date of the enactment of this Act. For purposes of the preceding sentence, in the case of a State that has a 2-year legislative session, each year of such session shall be deemed to be a separate regular session of the State legislature.”
The NYSDSS relies on section 13611 (e) (3) in support of its argument. This provision, however, merely requires New York to enact conforming State laws within a certain period of time. It does not prohibit the establishment of supplemental needs trusts conforming with the Federal law prior to such implementation of OBRA '93 by New York State. Rather, section 13611 (e) (2) (C) only provides that the new rules for the treatment of supplemental needs trusts will not apply to trusts established on or before August 10, 1993. There is also adequate notice of the new effective date provision and no constitutional bar to New York State’s making the Federal date the effective date for New York. Thus, supplemental needs trusts complying with the OBRA '93 amendments are authorized; it is unnecessary to await the enactment of conforming laws by New York State. The court may, at this time, approve this trust.
The court notes that article 81 of the Mental Hygiene Law codifies the judicial doctrine of "substituted judgment” and empowers courts to authorize the creation of trusts on behalf of persons with disabilities (see, Matter of Garbow, 155 Misc 2d 1001, 1003). Specifically, Mental Hygiene Law § 81.21 (a) provides that a court may authorize the guardian of an incapacitated person "to transfer a part of the incapacitated person’s assets to or for the benefit of another person on the ground that the incapacitated person would have made the transfer if he or she had the capacity to act.” This provision then expressly delineates the powers which may be granted to the *661 guardian, and includes the power to "create * * * irrevocable trusts of property of the estate” (Mental Hygiene Law § 81.21 [a] [6]).
Here, if Michael Moretti had the capacity to act, it is apparent that he would create a trust fund, naming himself as the beneficiary, which would supplement and not supplant government entitlements, thereby enabling him to enjoy an enhanced quality of life. While it is noted that Mental Hygiene Law § 81.21 (a) (6), in describing the guardian’s powers to make transfers on behalf of the incapacitated person, refers to such transfers as those made "for the benefit of another person” (emphasis supplied), OBRA '93 now makes clear that the disabled person’s assets may be transferred to a supplemental needs trust for his or her own benefit where the requisites of 42 USC § 1396p (d) (4) (A) are met.
The court further notes that on July 26, 1993, prior to the enactment of OBRA '93, the Governor signed into law the new EPTL 7-1.12, and amendments to section 43.03 of the Mental Hygiene Law and section 104 of the Social Services Law. These new provisions establish a statutory framework for the use of supplemental needs trusts by families and friends of persons with disabilities for the benefit of such persons, "whose basic needs are expected to be met, in large part, through government benefits or assistance programs” (L 1993, ch 433, § 1).
The drafters of EPTL 7-1.12, however, clearly were of the belief that only third-party trusts and not self-settled trusts could qualify as supplemental needs trusts. This restriction was incorporated into EPTL 7-1.12 (a) (5) (iv), which provides that the creator of a supplemental needs trust, if inter vivos, must be "a person or entity other than the beneficiary or the beneficiary’s spouse,” and EPTL 7-1.12 (c) (1) which, with a limited exception, prohibits the trust from being funded directly or indirectly by the beneficiary, by someone with a legal obligation of support to the beneficiary, or by someone with a financial obligation to the beneficiary.
To the extent that these provisions or any other State statutes or regulations may be construed as being inconsistent with, more restrictive than, or in contravention of the spirit of OBRA '93, they are not binding on this court since any such inconsistency would be violative of the Supremacy Clause of the United States Constitution (see, US Const, art VI, cl [2]; Matter of Kircher v Perales, 112 AD2d 431, 432; Matter of *662 Boines v Lavine, 44 AD2d 765, 766, lv denied 34 NY2d 519, cert denied 419 US 1040; Matter of Roth, 109 Misc 2d 699, 703). Where a conflict exists between State and Federal law, "the former must yield to the latter” (Matter of Rinefierd v Blum, 66 AD2d 351, 353; see also, Scarpuzza v Blum, 73 AD2d 237, 249).
Thus, the court finds that an order authorizing the establishment of the proposed supplemental needs trust in the case at bar is warranted (see, 42 USC § 1396p [d] [4] [A]; Mental Hygiene Law § 81.21 [a] [6]; Goldfarb, Supplemental Needs Trust: The New Law, NYLJ, Sept. 30, 1993, at 1, col 1; Strauss, Medicaid Revisions in 1993 Budget Act, NYLJ, Sept. 30, 1993, at 3, col 1).
Accordingly, petitioner’s motion for leave to reargue this court’s decision dated September 24, 1992 is hereby granted and, upon reargument, the petition, insofar as it seeks an order authorizing and directing petitioner to transfer the personal property held by her as conservator of the property of Michael Moretti into a supplemental needs trust with her as trustee, is hereby granted.