OPINION OF THE COURT
Renee R. Roth, S.
This is an application to split an irrevocable trust created by George Goldberg in 1956 into three subtrusts to enable the trustee to invest the assets in a manner that will meet the disparate financial needs and investment goals of the individual trust beneficiaries. The proposed severance will in no way alter the dispositive terms of the indenture and will not result in any increase in trustee’s commissions.
*1108 There is ample precedent for the severance of trusts. But, in all the previous cases (except where trusts were salvaged from violating the rule against perpetuities [Matter of Buttner, 243 NY 1; Matter of Horner, 237 NY 489; Matter of Mount, 185 NY 162]), the purpose was to effectuate the creator’s presumed intent to take advantage of available tax deductions and exemptions. For example, trusts have been split to maximize available generation-skipping transfer tax exemptions (Matter of Nossiter, 146 Misc 2d 879; Matter of Choate, 141 Misc 2d 489), to preserve the unified credit (Matter of Case, 154 Misc 2d 699) or to qualify split-interest trusts for the charitable deduction (Matter of Cohn, NYLJ, Feb. 25, 1993, at 24, col 5; Matter of Levin, NYLJ, May 7, 1991, at 30, col 4). This, however, is the first time the court has been asked to split an inter vivos trust for investment purposes.
There appears to be no legal impediment or any logical reason to prevent the severance in this instance. Indeed, the court is expressly permitted by statute to authorize a fiduciary to exercise any power which in the court’s judgment is necessary for the proper administration of the trust (see, EPTL 11-1.1 [c]). Most fundamental to fulfilling a settlor’s intent is that trustees respond impartially to the needs of the various beneficiaries. The Restatement (Third) of Trusts § 227 (1992) expressly recognizes that a trustee’s obligation to act impartially applies not only between life income and remainder beneficiaries, but also among concurrent beneficiaries, whose tax positions may differ and whose needs and/or desires for income as opposed to growth of principal may conflict. The Restatement suggests that the problems faced by a trustee in balancing in a fair and reasonable manner the competing interests of differently situated beneficiaries may be eased by trust arrangements that provide for separate shares or trusts.
Based upon the foregoing, a decree has been signed granting the application.