■ Robert DiGennaro, an Infant, by His Parent and Natural Guardian, Betty DiGennaro, et al., Appellants, v Community Hospital of Glen Cove et al., Defendants. (And a Third-Party Action.) [611 NYS2d 591] —In a medical malpractice action, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 3, 1992, as, upon reargument, adhered to its original determination disapproving the establishment of a Special Needs Trust.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs, an infant and his mother, brought this action to recover damages for personal injuries sustained as a result of negligent medical care. Prior to trial, the infant's case was settled for a substantial sum. The proposed settlement included a provision that the settlement proceeds be paid to the co-trustees of a Special Needs Trust which was to be established for the infant. The co-trustees were to be Betty and Louis DiGennaro, the infant's parents. The terms of the proposed trust provided that the infant would irrevocably transfer to the trust "all [of his] right, title and interest, claims, benefits and all other indicia of ownership" in the assets owned by him as well as assets that he might later acquire. The infant was named as the primary income beneficiary of the proposed trust, entitling him to the disbursement of income to the extent permitted by its terms, which provided that the funds be used to enhance the quality of life of the infant. However, the proposed trust provided that "[n]o income will be distributed if it will result in the denial, discontinuance, or reduction of any governmental entitlement", such as payment for medical and other related expenses incurred

by the infant for his care and treatment. The infant's parents, who were named co-trustees, were also named as remaindermen of the trust corpus, which was payable to them upon the death of the infant. The stated purpose of the proposed trust was to provide the infant with income for his special needs while maintaining his eligibility for governmental entitlements.

The Supreme Court had discretion pursuant to CPLR 1206 to approve a Special Needs Trust. Approval should not have been denied on the ground that the infant was never adjudicated an incompetent where the facts indicated that he would be permanently incapacitated. However, we find that the disapproval of the trust was appropriate because the terms of the trust were not in the best interests of the infant. The trust named the infant's parents as both co-trustees and beneficiaries of the trust corpus upon the infant's death. That presents a serious conflict of interest. Additionally, there was no provision in the trust instrument for court approval of withdrawals made by the trustees, nor was there any requirement that the trustees account to the court on an annual or biannual basis *(see, Matter of Mills v Durst,* 156 Misc 2d 676; *Hughes v Physicians Hosp.,* 149 Misc 2d 661). Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.