OPINION OF THE COURT
Daniel F. Luciano, J.
This is a proceeding for the appointment of a guardian for Tricia McMullen pursuant to article 81 of the Mental Hygiene Law.
*119 After a hearing held on June 15, 1995 the court rendered its decision on the record and directed that the petitioners, Richard McMullen and Joan McMullen, who are the parents of Tricia McMullen, be appointed coguardians. The court reserved decision on the petitioners’ application for authorization to have the monthly proceeds from a settlement on behalf of Tricia McMullen of a medical malpractice action deposited into a supplemental needs trust so as to accommodate Tricia McMullen’s eligibility for certain Medicaid benefits.
The Suffolk County Department of Social Services has opposed the establishment of the supplemental needs trust proposed by the petitioners.
For the reasons stated below the court is constrained to deny the application to establish the supplemental needs trust proposed herein.
It is noted, initially, that it is appropriate for the court to seek assurance that a proposed supplemental needs trust complies with the controlling laws and rules regarding Medicaid eligibility. (E.g., Social Services Law § 366 [5] [d]; EPTL 7-1.12.) This is consistent with the function of the court to assure that the best interests of the incapacitated person are promoted. It would be a clear dereliction of that duty for the court to deliberately overlook provisions of a proposed supplemental needs trust if such provisions were inconsistent with statutory guidelines and thus would bar an incapacitated person from receiving Medicaid benefits by its establishment. To do so would permit the diverting of assets from the ownership or title of the incapacitated person to another legal entity with no consequent benefit to the incapacitated person.
Thus, the court will not accept the apparent suggestion of the Suffolk County Department of Social Services that this court has no function in reviewing the question of whether the terms of the proposed supplemental needs trust are in conformance with controlling guidelines.
In addition, the court should review the terms of the supplemental needs trust to be assured of its propriety in ways which are not controlling on the question of whether it conforms to the statutes which will allow the beneficiaries to receive Medicaid. These terms include potential conflicts of interest and appropriate accounting requirements. (See, DiGennaro v Community Hosp., 204 AD2d 259; Matter of Kacer, NYLJ, Nov. 1, 1994, at 33, col 1.) In this regard, it is noted that the Suffolk County Department of Social Services asserts that the proposed supplemental needs trust provides for an *120 impermissible conflict in having the cotrustees, Richard McMullen and Joan McMullen, also be potential remaindermen.
For the reasons stated by this court in its opinions in Matter of DeVita (NYLJ, Feb. 17, 1995, at 33, col 5, and May 22, 1995, at 32, col 2), based on such conflict, the authorization to establish the proposed supplemental needs trust must be denied.
This does not, however, end consideration of this matter.
The Suffolk County Department of Social Services has also objected to the provisions of the proposed supplemental needs trust authorizing the purchase of insurance (2.5) and "other needs and comforts” (2.6).
With respect to the said section 2.6, the court finds nothing which is barred by the applicable statutes.
The authorization for the purchase of private health insurance to provide "for payment to those medical professionals or medical providers who would otherwise not accept government entitlements” is, however, a provision which is of concern to the court.
In Matter of DeVita (supra) this court questioned whether a proposed supplemental needs trust provision "authorizing the trustee to pay 'any medical professionals or personnel who would not otherwise accept * * * governmental entitlements ***[’] (italics added [in the Matter of DeVita decision]) is not inconsistent with the requirement of section 7-1.12[a][5][ii] of the Estates, Powers and Trusts Law that the trust document must prohibit 'the trustee from expending or distributing trust assets in any way which may supplement * * * government benefits or assistance for which the beneficiary may otherwise be eligible or which the beneficiary may be receiving’ or that it is consistent with provisions (A) and (B) of Estates, Powers and Trusts Law § 7-1.12[a][5][ii]” (NYLJ, May 22, 1995, at 32, cols 3-4).
The court has similar concerns about the provision presently under consideration.
This concern is illustrative of a recurring problem regarding applications in this Part to permit guardians to place the funds of incapacitated persons into supplemental needs trusts for the intended purpose of rendering such incapacitated persons eligible for Medicaid.
This court, in the context of a proceeding such as the present one, is not the arbiter of the incapacitated person’s Medicaid eligibility. That is a function of the appropriate agencies, and for administrative appeals and judicial reviews. (See, *121 Social Services Law § 22.) As a consequence, this court could erroneously conclude that a supplemental needs trust conforms to all criteria necessary to render the beneficiary thereof eligible for Medicaid, only to have a future, contrary administrative determination of the Department of Social Services affirmed at a fair hearing and in a subsequent CPLR article 78 proceeding. It is noted that in a recent article appearing in the New York State Bar Journal the authors state: "The practitioner is therefore advised to provide notice to the social services district whenever a trust is created and/or funded. It is our experience that when the trust is being created in connection with a court proceeding, the local agency, the state agency, or both, will appear in the court proceeding and make known any objections they have to the trust or its provisions. This provides an opportunity to settle any issues and produce a so-ordered stipulation incorporating all negotiated terms including that the social services district and the state agree that the income and resources of the trust will not be considered in determining Medicaid eligibility. This should prevent problems later when Medicaid and other benefits are applied for or obtained.” (Goldfarb and Stone, Supplemental Needs Trusts for Disabled Persons, 67 NY St BJ 32, 35 [July/Aug. 1995].)
In the present case the New York State Department of Social Services has not been given notice of the current application and the Suffolk County Department of Social Services has objected to the terms of the proposed supplemental needs trust.
It is a case, therefore, in which there is no satisfactory assurance that the supplemental needs trust as proposed herein will accomplish its intended result even if approved by this court. To prevent the error of having the court authorize the establishment and funding of a deficient supplemental needs trust this court will adopt prophylactic procedures.
To assure that proposed supplemental needs trusts qualify to fulfill their intended purpose as such, this court shall henceforth deny authority to guardians to establish and fund any such supplemental needs trusts until the conformity of such with the requirements to render the beneficiaries eligible for Medicaid benefits or other governmental benefits is formally approved by the Suffolk County Department of Social Services and the New York State Department of Social Services, or any appropriate reviewing authority. Such approval must be in writing and binding so that it will preclude a determination, following this court’s approval of the authority to establish and fund such supplemental needs trust, that the terms of the *122 supplemental needs trust are not sufficient to render the incapacitated person eligible for Medicaid or any other governmental benefits as contemplated upon the initial applications to this court.
The petitioners may settle their proposed order and judgment incorporating the court’s determination as set forth on the record following the hearing on June 15, 1995 and the court’s determination herein.