OPINION OF THE COURT
Renee R. Roth, S.
The guardian of the property of an infant (Stason) seeks *957 permission to establish a supplemental needs trust (SNT) for the assets such infant will inherit as a result of his mother’s death.
Stason, who is eight years old, suffers from multiple physical disabilities, including a form of polio, which requires extensive medical treatment currently being paid for by Medicaid. Unless his inheritance is sheltered by an SNT, the infant will be ineligible for Medicaid until such inheritance is depleted.
SNTs were designed to protect the assets of a person under disability while providing at the same time for his or her special needs. The governing statutes, EPTL 7-1.12 and Social Services Law § 366 (2) (b) (2), reflect the Legislature’s intent to balance the interests of the disabled person with the public interest in limiting the cost of Medicaid. Under EPTL 7-1.12, an SNT may be established for the life income benefit of a disabled person provided that, upon his or her death, the remainder is used to reimburse the Department of Social Services for Medicaid payments before any distribution to the trust remaindermen.
State law allows the creation of an SNT for a "person with a severe and chronic or persistent disability”, so that such person’s assets may be used to augment government benefits rather than replace them for a period of time. Before an SNT is authorized, petitioner must establish that the beneficiary’s disability "is expected to, or does, give rise to a long-term need for specialized health, mental health, developmental disabilities, social or other related services” (EPTL 7-1.12 [a] [4] [ii]). A hearing is not required if the record establishes that the beneficiary is permanently incapacitated (DiGennaro v Community Hosp., 204 AD2d 259, 260).
Although the governing statutes do not specify who may petition for an SNT, they do contemplate that such a trust may be created by a parent, grandparent, legal guardian or the court (see, Social Services Law § 366 [2] [b] [2] [iii]; EPTL 7-1.12 [a] [5] [v]). Since the governing statutes were enacted in 1994, our courts have authorized the creation of an SNT by a guardian appointed under SCPA article 17-A (for a developmentally disabled adult) and under article 81 of the Mental Hygiene Law (for an incapacitated adult) and by the parents of an infant entitled to the proceeds of a medical malpractice action (see, Matter of Goldblatt, 162 Misc 2d 888; Matter of Dickerson, NYLJ, Feb. 13, 1996, at 35, col 1; Matter of Morales, NYLJ, July 28, 1995, at 25, col 1; Matter of Kacer, NYLJ, Nov. 1, 1994, at 33, col 1; DiGennaro v Community Hosp., supra; Rosado v Perez, NYLJ, Nov. 3, 1995, at 39, col 6).
*958 In each of the above-cited cases, where an infant was involved, he or she also suffered from a mental, as well as a physical, disability. Such is not the case here. Stason is perfectly normal mentally. Thus, petitioner had no choice but to apply for guardianship under SCPA article 17 (which governs the appointment of guardians of the property of infants), since the disability of "infancy” is not a basis for the appointment of a guardian under article 81 of the Mental Hygiene Law or SCPA article 17-A.
The application by the article 17 guardian, however, presents novel questions, namely, whether such a guardian may petition for an SNT and, if so, the duration of the SNT since Stason’s disability (infancy) and the guardian’s authority terminate when the infant reaches majority (SCPA 1707 [2]).
The different requirements for the appointment of guardians under the three above-mentioned statutes are briefly described. Under SCPA article 17 proceedings, infancy is the only "disability” required and there is no determination that the infant has a permanent disability which requires an SNT. It is noted however that, as mentioned earlier, EPTL 7-1.12 does not require that the disability be permanent for the creation of a trust. Under SCPA article 17, the infant is not a party to the proceeding and the appointment of a guardian ad litem is not required. Under SCPA article 1-A and article 81 of the Mental Hygiene Law, on the other hand, the disabled person is a necessary party to the proceeding, the court must make a determination that such person is unable to manage his or her affairs and guardianship may be granted for an indefinite term.
Since an SNT is simply a mechanism for the protection of the assets of a person under disability, the guardian of such a person is clearly an appropriate petitioner for the creation of such a trust. Although Stason falls within the statutory definition of a person under a severe and chronic disability, he does not suffer from any mental impairment which would require the appointment of a guardian for an unlimited term of office. Moreover, as long as Stason is an infant, the court cannot ask him whether he wants the SNT to continue indefinitely. With respect to the duration of the trust, it is observed that under EPTL 7-1.12 (e) (1) (4), the beneficiary of an SNT may not have the power to assign, encumber, direct, distribute or authorize distributions from the trust. This creates a concern as to whether Medicaid would be entitled to be reimbursed if title to the SNT funds vests in Stason when he becomes 18 years old. Since this question cannot be answered with certainty, the *959 court, acting in loco parentis, directs that the SNT to be established for Stason shall continue until he attains age 21 unless it is terminated, after he turns 18, by an appropriate court. Petitioner, or his successor, is directed to make application to a court of competent jurisdiction under article 81 of the Mental Hygiene Law (or a like statute) after Stason turns 18 and before he becomes 21, at which time he may act for himself.
By permitting the creation of this SNT, the court is fulfilling its time-honored role of protecting infant’s funds. The form of SNT required by this court provides for a bond. If the guardian prefers to avoid this expense, he may provide for deposit of the assets in a bank account under joint control with the clerk of the court from which withdrawals may be made only upon court approval (see, Matter of Goldblatt, supra, at 892). The trust shall also provide that all withdrawals and expenditures must be substantiated in an annual accounting filed by the trustee in the guardianship department of this court (see, DiGennaro v Community Hosp., supra, at 260).
The decree to be submitted herein shall include the proposed SNT instrument.