OPINION OF THE COURT
Beverly S. Cohen, J.
Plaintiffs Donna and Barry Merer, individually and as the parents and natural guardians of Allyson B. Merer, move for an order approving the proposed settlement of this personal injury action, and vacating the lien of the New York City Department of Social Services (the Department) against the settlement proceeds.
This action arose out of the alleged medical malpractice of defendants during the birth of infant plaintiff Allyson Merer in 1991, which resulted in her severe mental retardation. Plaintiffs and defendants have entered into a tentative settlement of $1,750,000. Plaintiffs seek approval of the settlement, and to establish a special needs trust for the benefit of Allyson *809 Merer with the proceeds of the settlement. Plaintiffs also seek to extinguish the Department’s lien in this matter, which represents the cost of medical assistance (Medicaid) rendered on behalf of Allyson Merer from January 1992 to the present. The Department has notified plaintiffs of a preliminary lien in the amount of $500, but alleges that this amount has increased, and that an exact figure will soon be obtained from the State Department of Social Services. Plaintiffs also seek leave to pay their legal fees, plus disbursements, from the proceeds of the settlement. They also request approval of the compromise and payment from the settlement of their claim for loss of services in the amount of $15,944.93.[1]
The Department does not object to the amount of the settlement or to plaintiffs’ request to create a special needs trust, but opposes plaintiffs’ attempt to vacate the Medicaid lien. The Department contends that its lien.should be paid from the settlement proceeds before the special needs trust is created. Alternatively, in the event that the lien is not required to be paid prior to the establishment of the trust, the Department seeks the appointment of an additional trustee to preserve its interest in the trust principal.
For the reasons set forth below, there is no basis to vacate the Department’s lien in this matter. However, this lien need not be paid prior to the establishment of the proposed supplemental needs trust.
Pursuant to Social Services Law § 104 (1), a "public welfare official”, under whose authority public assistance has been provided to an individual who is later discovered to have property, is "deemed a preferred creditor” of the individual to whom such assistance has been provided and may "bring [an] action or proceeding” against such individual on the theory that the assistance was furnished under "an implied contract” (Hoke v Ortiz, 83 NY2d 323, cert denied 513 US 865; Social Services Law § 104 [1]). Social Services Law § 104-b (1) deals with recipients of public assistance who "have a right of action * * * on account of * * * personal injuries”, and empowers social service agencies to establish a lien, for the amount of public assistance furnished, in personal injury actions brought *810 by a recipient of public assistance (see, Pasciuta v Forbes, 190 AD2d 375 [3d Dept 1993]). Such lien, subject to certain conditions, attaches "to any verdict, decision, decree, judgment, award or final order in any suit, action or proceeding * * * respecting such [personal] injuries” (Social Services Law § 104-b [3]).
It is this lien which the Department seeks to enforce, and which plaintiffs seek to have discharged. Plaintiffs argue that the proceeds of the personal injury action are immune from the lien to the extent that those proceeds are destined to become the corpus of a "supplemental needs trust”.
Prior to the Omnibus Budget Reconciliation Act of 1993 (Pub L 103-66 [OBRA]), which amended the Federal Medicaid statute, a special needs trust would render the beneficiary ineligible for Federal and State medical assistance, because the establishment of these trusts was considered an improper transfer of what might otherwise be considered resources for medical care (see, Matter of Moretti, 159 Misc 2d 654 [Sup Ct, Kings County 1993]). The 1993 amendments to the Federal Medicaid statute now permit the creation of a special needs trust, which is exempt from consideration in determining Medicaid eligibility, if the trust provides that the State shall receive the assets remaining at the disabled person’s death up to the amount of all public medical assistance provided (see, 42 USC § 1396p [d] [4] [A]).
Under New York law, Social Services Law § 366 (2) (b) (2), which essentially mirrors OBRA, delineates the circumstances under which the corpus of a trust will be deemed an available resource, or where the income from a trust will be considered income, for the purposes of medical eligibility. The conditions under which a special needs trust can be created, without triggering the beneficiary’s disqualification for Medicaid benefits, are defined in section 366 (2) (b) (2) (iii) (A), which provides that: "[I]n the case of an applicant or recipient who is disabled, as such term is defined in section 1614(a)(3) of the federal social security act, the department must not consider as available income or resources the corpus or income, of the following trusts which comply with the provisions of the regulations authorized by clause (iv) of this subparagraph: (A) a trust containing the assets of such a disabled individual which was established for the benefit of the disabled individual while such individual was under sixty-five years of age by a parent, grandparent, legal guardian, or court of competent jurisdiction, if upon the death of such individual the state will receive *811 all amounts remaining in the trust up to the total value of all medical assistance paid on behalf of such individual”.
Thus, Social Services Law § 366 (2) (b) (2) (iii) (A) precludes local welfare officials from considering as available income or resources the corpus or income which a disabled party, otherwise eligible for Medicaid, derives from a supplemental needs trust. Consequently, the proceeds recovered on claims prosecuted by disabled plaintiffs will not affect that person’s eligibility for Medicaid or other government entitlement, if such proceeds are deposited in a supplemental needs trust established in accordance with the provisions of this statute.
Here, plaintiffs contend that the Department’s lien must be vacated because Allyson Merer is an infant and is thus not subject to the lien. Plaintiffs’ argument, however, is unavailing. No exceptions for infants are set forth in Social Services Law § 366 (2) (b) (2) (iii) (A), and the statute specifically requires supplemental needs trusts to provide for repayment of all medical assistance after the death of the beneficiary. Moreover, the overriding purpose of Social Services Law § 104-b, which authorizes the lien, is to facilitate recoupment of public funds by social services agencies (Kidney v Kolmar Labs., 68 NY2d 343 [1986]). Plaintiffs’ further argument — that the lien must be vacated because the settlement only reflects reimbursement for pain and suffering and not medical expenses — is similarly unavailing. Social Services Law § 104-b specifically authorizes a lien for personal injury actions.
Having established that the Department’s lien is valid, the Department’s arguments must now be dealt with. The Department contends that, prior to the establishment of the special needs trust, the Medicaid lien must be satisfied from the proceeds of the within settlement. However, in Cricchio v Pennisi (220 AD2d 100 [2d Dept 1996]) the Court specifically held that "the satisfaction of a preexisting Medicaid lien is not a precondition to the funding of a supplemental needs trust” (supra, at 108; accord, Link v Town of Smithtown, 226 AD2d 351 [2d Dept 1996]; Samerson v Mather Mem. Hosp., 166 Misc 2d 228 [Sup Ct, Suffolk County 1995]; Rosado v Perez, NYLJ, Nov. 3, 1995, at 39, col 6 [Sup Ct, Suffolk County, Doyle, J.]).
In Cricchio (supra), Justice Bracken noted that when the Legislature amended the Social Services Law in 1994 to permit the establishment of supplemental needs trusts to hold the assets of a disabled person without having the funds diminish the person’s eligibility for Medicaid benefits, it deliberately chose not to require the repayment of Medicaid benefits *812 received by the person before establishing the trust. The proposed amendments to Social Services Law § 366 (2) (b) (2) (iv), which authorizes the promulgation of regulations to carry out the provisions of the statute, are illustrative. These proposed amendments required that liens for past medical assistance had to be satisfied from personal injury recoveries before a special needs trust would be deemed exempt from Medicaid eligibility. The version of Social Services Law § 366 (2) (b) (2) (iv) which was ultimately signed into law, however, is devoid of any such limitation. Justice Bracken concluded that "[t]he failure of the Legislature to include any such provision in the final version of the law indicates an intent to allow the funding of such trusts even prior to the satisfaction of existing Medicaid liens” (Cricchio v Pennisi, supra, at 108; Matter of Gibson, 162 Misc 2d 530 [Sup Ct, Nassau County 1994], affd sub nom. Link v Town of Smithtown, 226 AD2d 351 [2d Dept 1996]; Samerson v Mather Mem. Hosp., 166 Misc 2d 228, supra). Indeed, this conclusion "is consistent with the over-all intent of the Federal and State legislation to provide for the supplementation of medical care for the disabled while alive and for reimbursement to the government upon death” (Matter of Gibson, supra, 162 Misc 2d, at 536-537).
The Department argues that, nevertheless, this court is bound by 18 NYCRR 360-4.5 (b) (5) (ii), one of the emergency regulations enacted in 1994 that implemented the changes in the Social Services Law. This regulation provides that any lien obtained pursuant to Social Services Law § 104-b must be satisfied in order for the funds comprising the special needs trust to be disregarded for purposes of Medicaid: "In the event that a lien has been imposed pursuant to the provisions of section 104-b * * * of the Social Services Law upon the funds which are to be used to establish a [supplemental needs trust] * * * on account of [medical assistance] provided prior to the date the trust is to be established, such lien must be satisfied or otherwise resolved in order for the assets subject to such lien to be disregarded in determining [medical assistance] eligibility” (18 NYCRR 360-4.5 [b] [5] [ii]). This regulation, however, "is unenforceable because the legislative history noted above evinces a clear legislative intent to permit funding of supplemental needs trusts prior to the satisfaction of a public welfare official's lien for medical assistance furnished prior to the formation of the trust” (Cricchio v Pennisi, supra, 220 AD2d, at 107; see also, Samerson v Mather Mem. Hosp., 166 Misc 2d 228, supra; Rosado v Perez, NYLJ, Nov. 3, 1995, supra).
*813 Accordingly, the proposed settlement is approved and this court finds that the establishment of a supplemental needs trust is in the best interests of Allyson Merer. The Department’s lien need not be paid prior to the establishment of the proposed supplemental needs trust. Plaintiffs are authorized to deposit the net proceeds of the settlement into the corpus of a supplemental needs trust established upon the execution of a trust indenture. The trust indenture ultimately executed, however, must contain a provision that upon the death of Allyson Merer, the State will receive all amounts remaining in the trust up to the total value of all medical assistance paid on her behalf.
The trust should also be revised to require payment of the remainder, after payment of the State’s lien, to the representative of the estate of the beneficiary. The current trust provides that the remainder will go to the issue of the beneficiary, or if there are none, according to the law of intestate succession. This would disinherit a possible spouse and assumes that the beneficiary will never be competent to make a will.
The Department’s request for the appointment of an additional trustee is denied. However, the court finds that the appointment of one independent trustee rather than the infant’s parents is warranted due to the parents’ conflict of interest with both the infant and the Department.
A trust must be administered with due regard to the respective interests of the income beneficiaries and remaindermen (EPTL 11-2.1 [a] [1]). A trustee also has a duty to act impartially with respect to differing positions of those entitled to the remainder (Matter of Goldberg Irrevocable Trust, 159 Misc 2d 1107). A person with an interest in the remainder of a supplemental needs trust has a conflict of interest with the income beneficiary and ought not to be appointed as trustee (DiGennaro v Community Hosp., 204 AD2d 259; Matter of Moser, 139 Misc 2d 958). Social Services Law § 366 (2) (b) (2) (iv) provides that regulations regarding supplemental needs trusts promulgated by the Department shall assure the fulfillment of the fiduciary obligations of the trustee with respect to the remainder interest of the Department.
Here the parents are potential remaindermen because, after payment of the Department’s lien, the remainder will be paid to the estate of the beneficiary. One or both of the parents will inherit the estate pursuant to the law of intestate succession (EPTL 4-1.1), unless the infant makes a will, marries or has children, or unless both parents predecease the infant. There *814 is virtually no possibility of a will, marriage or issue due to the infant’s profound disabilities. In addition, the parents may wish to spend the trust assets during the child’s life for luxuries that will also benefit the parents, thus reducing the assets ultimately available to satisfy the Department’s lien.
Therefore, the parents’ interests conflict with both the interests of the Department and the infant and an independent trustee should be appointed. The court declines to follow Matter of Morales (1995 WL 469523 [Sup Ct, Kings County, July 25, 1995, Leone, J.] [payment of remainder of infant’s supplemental needs trust to infant’s estate does not create conflict with having parents serve as trustees so long as the remainder is not payable to parents]).
The court also notes that articles 2.6 and 2.7 provide for the payment of specific expenses without court approval. The trust should be revised to require advance court approval for these expenditures and the nature of the expenditures allowable should be more generally stated. The listing of specified expenses or the employment of specified professionals implies advance approval of such expenditures without further court inquiry. The trust should authorize expenditure of funds for the supplemental needs of the infant not provided through government entitlements which are reasonable and necessary for the individual support of the infant (see, Matter of Goldblatt, 162 Misc 2d 888).
Article 2.5 is inappropriate and should be deleted for the same reason and also because it provides for the purchase of unnecessary life insurance by the trust. Article 3.3 should provide that upon the death of the beneficiary, the trust will terminate, the State’s lien for total medical assistance provided to the beneficiary during her lifetime will be paid, and the remainder will be paid to her estate. All other provisions in article 3.3 are unnecessary. Article 3.4 regarding potential disability of remaindermen should be eliminated. Articles 4.1 and 4.2 should be revised to reflect a single trustee. Article 4.7 should require a bond. Article 4.6 should be amended to provide for annual accounts to be filed by the trustee in accordance with Mental Hygiene Law § 81.32 and a final account in accordance with Mental Hygiene Law § 81.33. The trust indenture should provide that this court has continuing jurisdiction over the trust.
The court directs that the trust provisions should follow the form in Matter of Morales (supra).
The application for payment of legal fees and disbursements from the settlement is granted to the extent of approving pay *815 ment of disbursements in the amount of $9,767.95 and a legal fee on the net amount of the settlement computed in accordance with Judiciary Law § 474-a.
Accordingly, it is ordered that the proposed settlement of this action in the amount of $1,750,000 is approved; and it is further ordered that the Department’s application for the appointment of a second trustee is denied; and it is further ordered that the court approves the appointment of one independent trustee and disapproves the appointment of plaintiffs as trustees; and it is further ordered that the plaintiffs’ attorney shall submit a revised supplemental needs trust for the infant plaintiff Allyson Merer that comports with this decision with the name of the trustee left blank; and it is further ordered that the application for payment to plaintiffs from the settlement proceeds the sum of $15,944.93 for their loss of services claim is approved and plaintiffs may pay themselves that sum from the settlement; and it is further ordered that the disbursements of plaintiffs’ attorney are approved in the amount of $9,767.95 and their fee, net of disbursements, shall be computed in accordance with Judiciary Law § 474-a; and it is further ordered that the parties may submit suggestions for the trustee to be appointed.

. Originally petitioners waived their claim of loss of services and requested that $15,944.93 of the settlement proceeds be allocated to them for partial reimbursement of medical expenses. A supplemental petition revokes the waiver of the claim for loss of services and withdraws the claim for "reimbursement of medical expenses and or supplies.” The explanation for this change is that petitioners never kept a record of their expenses.